[Cite as *Koller v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-6865.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

**KEVIN KOLLER,**

     **Plaintiff,**

     **v.**

**OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,**

     **Defendant.**

**Case No. 2010-08110**

**Judge Clark B. Weaver Sr.**

**MAGISTRATE DECISION**

{¶1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Mansfield Correctional Institution (ManCI) pursuant to R.C. 5120.16. On November 5, 2009, at approximately 8:00 p.m., inmates Cole and Frazier entered plaintiff's cell on the upper range of ManCI housing unit 1C and assaulted plaintiff and his cellmate. Plaintiff alleges that the two inmates did not reside in 1C and were not authorized to be there. Plaintiff asserts that the corrections officers (COs) tasked with the security of 1C were negligent in allowing the two inmates into the unit.

{¶3} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners;

however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶4} Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending attack upon that specific inmate. The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained. Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198. In the case of inmate-on-inmate violence, notice is lacking where defendant does not have any knowledge of prior problems, disputes, or altercations between the victim and the assailant and institutional staff have no indication that an attack is going to occur. *Elam v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-714, 2010-Ohio-1225, ¶11, citing *Doss v. Ohio Dept. of Rehab. & Corr.* (Mar. 28, 2000), Franklin App. No. 99AP-661, and *McDonald v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-735, 2003-Ohio-513.

{¶5} Plaintiff testified that at the time of the incident, he was in his cell "doing dishes" when the door flew open and "punches started flying." Plaintiff stated that COs responded within a few moments, broke up the fight, detained Cole, and the unit was "locked down," and inmates were ordered to return to their cells. According to plaintiff, inmate Frazier was left in the open and attempted to renew the attack. Plaintiff testified that just prior to the incident he had surgery on his left ankle, and that during the attack he was knocked to the ground and suffered injuries to his left ankle and back.

{¶6} Plaintiff admitted that he had no notice of an impending attack and that, as a result, he did not notify defendant that an attack was about to occur. However, according to plaintiff, the door to the housing unit should have been locked earlier in the

evening after inmates left for "pill call" and only unlocked when those inmates returned and showed their passes.

{¶7} Plaintiff's cellmate, Bill Hudson, testified that he had been to pill call earlier in the evening and that, when he returned, the unit door was locked and he was required to show his pass in order to gain entry into the unit. According to Hudson, he and plaintiff were talking when three inmates, Cole, Frazier, and Domato, "bum rushed" the cell and started what turned into a "melee." Hudson stated that COs broke up the fight once, but Frazier and Domato returned.

{¶8} Inmate Jason Cole testified that on the day of the incident he was returning to his housing unit, 2C, when inmate Frazier approached him and said he had a problem with an inmate in 1C. According to Cole, Frazier was with inmate Domato, a resident of 1C, and both men smelled like "wine" and acted drunk. Cole testified that he and Frazier followed inmate Domato into the unit. Cole stated that CO Thompson stopped and questioned him and that he told Thompson that he was getting something from his friend Justin who lived in the unit. According to Cole, Thompson told him to "make it quick" and let him into the unit. Cole testified that he, Frazier, and Domato then proceeded to plaintiff's cell and assaulted plaintiff and Hudson.

{¶9} Thomas Thompson testified that he has been a CO at ManCI for thirteen years. According to Thompson, at the time the incident occurred, the door to the unit was locked and there was only restricted movement in and out of the unit, meaning that a pass was required to enter. Thompson stated that he was on the floor of the housing unit and that CO Payton was manning the door prior to the incident. Thompson testified that when CO Payton unlocked the door to let in inmates who were returning from pill call, Cole and Frazier "snuck in." Thompson stated that he did not notice that the two inmates did not live in the unit until they were on the upper range. According to Thompson, he "went for them" but he was too late to stop them before the fight started.

{¶10} Corrections Major Ralph Harr testified that movement into and out of housing units at ManCI is restricted during certain times of the day such that passes are

required to enter the units. Harr stated that COs are supposed to make sure an inmate lives in the unit before letting him through the door.

{¶11} Based upon the foregoing, the court finds that defendant is not liable to plaintiff for the injuries he suffered when he was assaulted by other inmates. It is clear that defendant had no notice of any impending attack on plaintiff by Frazier or Cole. Indeed, plaintiff testified that he had never had a problem with either of the two men. Additionally, the court finds that plaintiff has failed to establish that Thompson and Payton acted unreasonably at the time of the incident. Specifically, Thompson's testimony that the inmates "snuck in" to the unit was more persuasive than Cole's testimony that he simply walked into the unit. Based upon Thompson's testimony, the court finds that he and Payton had little chance to stop the inmates before the assault began.

{¶12} Accordingly, judgment is recommended in favor of defendant.

{¶13} A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).

_____
MATTHEW C. RAMBO
Magistrate

cc:

James P. Dinsmore                    Kevin Koller, #522-019
Assistant Attorney General           Mansfield Correctional Institution
150 East Gay Street, 18th Floor      P.O. Box 788
Columbus, Ohio 43215-3130            Mansfield, Ohio 44901-0788


Filed November 18, 2011
To S.C. reporter December 30, 2011